In re Steve Michael HAUGEN, Debtor.

**Michael Alfred SIMCICH, Plaintiff,**

v.

**Steve Michael HAUGEN, Defendant.**

**Bankruptcy No. 80–00705–BKC–TCB.**
**Adv. No. 80–0250–BKC–TCB–A.**

United States Bankruptcy Court,
S. D. Florida.

Oct. 29, 1980.

Richard W. Groner, West Palm Beach, Fla., for plaintiff.

Richard E. Rhoads, N. Palm Beach, Fla., for defendant.

MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

In this adversary proceeding, a judgment creditor opposes the debtor's discharge under 11 U.S.C. § 727(a)(2), (3), (4) and (5). The debtor failed to answer, but appeared at the trial on October 21, 1980. I have assumed that the debtor denies the allegations. The parties stipulated that in lieu of testimony, both parties would rely on the deposition of the debtor taken October 9, 1980 by the plaintiff.

At the trial, plaintiff abandoned his allegations under § 727(a)(2).

The only evidence in support of the allegations under § 727(a)(3) are that the debtor lost one of the two savings passbooks he had. I find that the debtor's failure to keep this passbook was justified under the circumstances of this case. The

funds had all been withdrawn from this relatively nominal account and his circumstances did not require that the book be retained.

I find that plaintiff has failed to prove the allegations made under § 727(a)(4). This debtor's circumstances as a casual laborer did not require that he maintain the records suggested by plaintiff and there is no indication that his failure to do so has handicapped the trustee or any other party in any respect.

Plaintiff's principal contention is that: ". . . the debtor has failed to satisfactorily explain why, as a healthy, gainfully employed male, he is unable to arrange payment of a single debt of some $1,400."

Section 727(a)(5) requires that a debtor's discharge be denied if:

"(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

This debtor graduated from high school in 1978. He has been employed as a laborer for various employers about eight days a month, "just enough to get by." He earns about $1,700 a year. He lives with his parents. In his own words, he "went fishing a lot" and "loafed a good part of 1979 and 1980."

Plaintiff believes that a debtor is under a legal obligation to try to earn enough money to pay his debts and that if he fails to do so, a discharge must be denied under the provision just quoted. I disagree. There is nothing in this provision or anywhere else, to my knowledge, which requires that a debtor make an effort to earn enough to pay his creditors. The fifth ground for denial of discharge relates solely to the disappearance of assets, not for failure to earn money.

Plaintiff has failed to carry his burden of proving his complaint and as is required by B.R. 921(a), a separate judgment will be entered dismissing this complaint with prejudice.